[707 NYS2d 484]

In the Matter of JAMES M. O'BRIEN (Admitted as JAMES MICHAEL O'BRIEN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 8, 2000

**APPEARANCES OF COUNSEL**

*Robert H. Straus*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of New Jersey,

dated December 10, 1999, the respondent was disbarred on consent, effective immediately. His disbarment in New Jersey was predicated upon an affidavit, dated November 23, 1999, in which he acknowledged the existence of a complaint charging him with knowing misuse of client funds. He conceded that he could not successfully defend himself against those charges. The respondent averred that he was proceeding voluntarily, was not under any disability, had consulted with his attorney, had not been subjected to coercion or duress, and was acting with a full awareness of consequences of submitting to disbarment in New Jersey. The respondent consented to disbarment knowing that it is an absolute barrier to ever seeking reinstatement to the New Jersey Bar and that the Supreme Court of New Jersey could issue an order assessing disciplinary costs against him.

In his affidavit the respondent acknowledged that he understood that although his New Jersey disbarment and the affidavit he submitted to that court would be a matter of public record, it could not be entered as an admission or as evidence of wrongdoing other than in a disciplinary proceeding or Lawyers' Fund for Client Protection proceeding in the State of New Jersey or any other jurisdiction.

On or about December 29, 1999, the Grievance Committee for the Second and Eleventh Judicial Districts served the respondent with a notice, pursuant to 22 NYCRR 691.3, informing him of his right to file, within 20 days, a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). The Grievance Committee also apprised the respondent of his right to a hearing at which any and all of the enumerated defenses would be considered. The respondent has neither asserted any of the defenses enumerated in 22 NYCRR 691.3 (c) nor exercised his right to demand a hearing.

Under the circumstances of this case, the respondent is disbarred from the practice of law in New York.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, James M. O'Brien, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James M. O'Brien, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.